# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHERRY L. PRESSER,

        Plaintiff,        Case No. 04-C-817

        v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## OPINION AND ORDER

The Commissioner of the Social Security Administration has filed a motion to alter or amend the judgment entered on January 12, 2005, in this action for judicial review. The judgment ordered remand to the Commissioner.

The Commissioner now argues that this court did not have jurisdiction to review Plaintiff Sherry Presser's action because she did not timely pursue her administrative remedies and because there is no final administrative decision to review. An administrative law judge (ALJ) had dismissed Presser's claim because it was untimely and the appeals council had denied review.

The Commissioner cites Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992) for the proposition that a district court does not have jurisdiction to review an administrative law judge's dismissal of a claim on procedural grounds without granting a hearing or issuing a decision. Some exceptions have been carved out of this rule. See, e.g., McNatt v. Apfel, 201 F.3d 1084 (7th Cir. 1999) (where claimant's attorney

appeared and was not granted a continuance); Hoye, 985 F.2d at 992 (constitutional claim). And, courts have expressed concern that an ALJ can render a claim unreviewable merely by denying the claimant a hearing. See McNatt, 201 F.3d at 1087. Nevertheless, Presser's situation does not appear to fit within any of the reported exceptions. Moreover, the ALJ appears to have followed the applicable regulations in dismissing Presser's claim without granting a hearing. See 20 CFR § 404.957.

Subsections 405(g) and (h) of the Social Security Act require that, in order to obtain judicial review of a decision of the Secretary, a claimant must have obtained a "final decision . . . made after a hearing." 42 U.S.C. § 405(g). Thus, because Presser did not have a hearing or receive a final decision, this court did not have jurisdiction to conduct judicial review.

Therefore, the court concludes that it does not have subject matter jurisdiction over this action and ORDERS that the "Commissioner's Motion to Alter or Amend Judgment" (filed January 26, 2005) IS GRANTED.

IT IS FURTHER ORDERED that the judgment entered on January 12, 2005, IS VACATED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a judgment of dismissal as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Sherry Presser's action for judicial review of the action of the Commissioner of Social Security came before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the court having concluded that it lacks jurisdiction over this matter,
>
> IT IS ORDERED AND ADJUDGED

that this action is dismissed for lack of jurisdiction.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 24th day of May, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge